IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON MALLORY AND TY FARRELL, § | |
| INDIVIDUALLY AND ON BEHALF § | |
| OF ALL OTHERS SIMILARLY § | CIVIL ACTION NO.  3:17-cv-3063 |
| SITUATED, § | JURY DEMANDED |
| § | |
| VS. § | COLLECTIVE ACTION COMPLAINT |
| § | FILED PURSUANT TO 29 USC §216(b) |
| LEASE SUPERVISORS, LLC § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 U.S.C. § 207 ("FLSA"), the named Plaintiffs allege violation of their statutory right to receive overtime pay from Defendant, Lease Supervisors, LLC as a result of Defendant's failure to pay Plaintiffs and all those similarly situated employees overtime wages. Pursuant to 29 U.S.C. § 216 (b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

**PARTIES**

2. Plaintiff, Don Mallory is a resident of Mabank, Texas. Mallory's Consent to join this action is attached as Exhibit A. Plaintiff, Ty Farrell is a resident of Malakoff, Texas. Farrell's Consent to join this action is attached as Exhibit B. Plaintiffs bring this action individually on their own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as representatives of individuals who are similarly situated and who have suffered the same or similar damages.

3. The Plaintiff and "Potential Plaintiffs" are Defendant's current and former employees who were employed as plant operators/managers and who were paid a salary for their work.

4. Defendant, Lease Supervisors, LLC is a Texas limited liability company with its principal place of business located at 1 Mission Blvd., Odessa, Texas 79765. Defendant may be served by serving its registered agent for service of process Deanna Hoerauf, 1 Mission Blvd., Odessa, TX 79765. Plaintiff requests that the clerk issue citation for service and forward to Plaintiffs' counsel for service by private process server.

## JURISDICTION AND VENUE

5. This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, and 1391. Plaintiffs' work for Defendant was performed within the Northern District of Texas in and around Navarro County, Texas, and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

## COVERAGE

6. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the putative Class Members.

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. Within the three years prior to this case being filed, Plaintiffs were employed as "plant operators/managers" for Defendant. The work performed by Plaintiffs for Defendant as "plant operators/managers" was not exempt as defined under the FLSA. Plaintiffs' work duties did not meet any duties test of any exemption to overtime wages under the FLSA.

12. All work performed by Plaintiffs and the putative class members was performed at the locations specified by Defendant. Plaintiffs and the putative class members were hired to perform the work personally and were not able to assign another to do the job in his place. Plaintiffs and the putative class members worked on the schedule set by Defendant and they performed the work in the order or sequence set by Defendant. Plaintiffs and the putative class members were paid a 'guaranteed payment' for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

13. Plaintiffs and the putative class members did not realize a profit or loss in the business over which they had control over revenue and expenses, rather, they were paid for services rendered. Plaintiffs and the putative class members solely worked for Defendant during the time of their employment and did not offer their services to the public. Plaintiffs and the putative class members

were subject to termination by Defendant at any time and were able to quit at any time without liability on their part.

14.     Defendant provided all plans and specifications for the projects, gave specific instructions on when, where and how the work was to be performed, including the details of Plaintiffs' work. Clearly, Defendant paid Plaintiffs and the putative class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed.

15.     Defendant employs a system whereby their "plant operators/managers" are issued member interests in the LLC without consideration. The "plant operators/managers" are then paid "guaranteed payments" which are reported on Line 4 of a K-1 form issued at year end to the "plant operator/manager". Defendant pays no overtime wages to the "plant operator/manager" and employs this sham arrangement to avoid payment of social security and Medicare taxes to the "plant operator/manager" who should be classified as employees. Plaintiffs allege upon information and belief that all "plant operators/managers" were paid guaranteed payments as members of the LLC. Defendant's "plant operators/managers" did not qualify for any applicable overtime exemptions and are therefore owed overtime wages for all hours worked in excess of forty (40) hours in each workweek.

16.     Defendant operates in multiple locations. At these locations, Defendant employs other "plant operators/managers" who either operate or assist in the operation of Defendant's business for Defendant's customers. These individuals do not receive overtime pay for hours worked in excess of 40 per week.

17.     All Plaintiffs regularly worked between 60 and 80 hours per work week and did not receive overtime pay.

18. Finally, Defendant failed to maintain records of Plaintiffs and the Potential Plaintiffs' hours worked in violation of 29 CFR Part 516.

19. Plaintiffs allege that the unlawful pay practices committed by Defendant was consistent across all locations operated by Defendant.

20. Defendant is a company that is engaged in interstate commerce. Its annual gross dollar volume of sales is in excess of $500,000 per year.

21. Plaintiffs believe and, therefore, allege that the failure of Defendant to pay overtime pay to Plaintiffs and the Potential Plaintiffs was intentional.

## CLAIMS

22. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs and all those similarly situated for all hours worked is a direct violation of the FLSA and its accompanying regulations. Plaintiffs further allege that the failure to pay Plaintiffs and all those similarly situated one and one-half their properly calculated regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiffs and all those similarly situated are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

23. Additionally, Defendant has violated the FLSA regulations (29 CFR pt 516) regarding recordkeeping of the hours worked by Plaintiffs.

## COLLECTIVE ACTION

24. Pursuant to 29 U.S.C. § 216 (b), Plaintiffs Don Mallory and Ty Farrell bring this action in their individual capacities as plant operators/managers and as a collective action. Plaintiffs seek

this court's appointment and/or designation as representatives of the Potential Plaintiffs.

25. On information and belief, there are numerous individuals who work as Plant operator/manager in the operation of Defendant's business who were not paid for all overtime hours worked for Defendant as described herein. The questions of law and fact are common to Plaintiffs and the Potential Plaintiffs. The failure to pay these individuals for the overtime hours worked was common to Plaintiffs and the Potential Plaintiffs.

26. The named Plaintiffs specifically requests that they be permitted to serve as representative plaintiffs for the Potential Plaintiffs, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

**27.** Plaintiffs, individually and as representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and the Potential Plaintiffs recover from Defendant the following:

1. The unpaid wages and overtime due to them;
2. Liquidated damages due to them as authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and
5. Such other and further relief as the Court deems just.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com


**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**LEE & BRAZIEL, LLP**
1801 N. Lamar St.; Suite 325
Dallas, Texas 75202
(214) 749-1400   phone
(214) 749-1010   fax
jdbraziel@l-b-law.com

**ATTORNEYS FOR PLAINTIFF**