IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON MALLORY and TY FARRELL, Individually and on Behalf of All Others Similarly Situated, §§§§ | |
| Plaintiffs, § § Civil Action No. 3:17-CV-3063-D | |
| VS. §§ | |
| LEASE SUPERVISORS, LLC, §§ | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this collective action seeking unpaid overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, defendant moves to transfer the case to the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, in the interest of justice. For the reasons that follow, the court denies the motion.

I

Defendant Lease Supervisors, LLC ("Lease Supervisors") is a Texas limited liability company that maintains its corporate office in Odessa, Texas. In June 2016 plaintiff Don Mallory ("Mallory"), a resident of Mabank, Texas, filed a proposed class action against Lease Supervisors in the Western District of Texas Midland-Odessa Division, asserting claims under ERISA[1] for breaches of fiduciary duty. In March 2017 plaintiff Ty Farrell

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

("Farrell"), a resident of Malakoff, Texas, filed a similar ERISA lawsuit against Lease Supervisors in the Western District of Texas, Midland-Odessa Division. The Western District of Texas denied Mallory's motion for class certification and ultimately dismissed both cases.[2]

In November 2017, while Farrell's proposed ERISA class action was still pending in the Western District of Texas, Mallory and Farrell filed the instant lawsuit in this court, alleging FLSA unpaid overtime claims on behalf of themselves and Lease Supervisors' current and former plant operators/managers who were paid a salary. Lease Supervisors now moves under 28 U.S.C. § 1404(a) to transfer this case, contending that it conducts its operations and maintains its corporate records in Odessa, Texas; that Bobby Allison ("Allison"), its former manager, resides there; and that the interests of justice and convenience of the parties and witnesses requires that the case be transferred to the Western District of Texas, Midland-Odessa Division. Plaintiffs oppose the motion.

II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against

---

[2]The court takes judicial notice of the final order of dismissal with prejudice entered on March 5, 2018 in the lawsuit filed by Farrell. *See Farrell v. Lease Supervisors, LLC*, No. 7:17-CV-085 (W.D. Tex. Mar. 5, 2018) (Counts, J.) (order dismissing case with prejudice).

unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F.Supp. 1131, 1137 (S.D. Tex. 1983)). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)). Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*AT & T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*")).

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *see also Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). Once the court resolves this issue, it must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.

2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations omitted). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Defendant must establish "good cause" for transferring the case, meaning that, "in order to support its claim for a transfer, [it] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (final brackets in original) (quoting § 1404(a)).

III

The parties do not dispute, and the court holds, that plaintiffs could have brought this lawsuit in the Western District of Texas. For venue purposes, Lease Supervisors "resides" in Odessa,[3] which is located in Ector County, Texas, within the Midland-Odessa Division of

---

[3]Lease Supervisors alleges that it is a Texas limited liability company that maintains its corporate office in Odessa, Texas. Under 28 U.S.C. § 1391(c)(2), a corporate defendant is deemed to "reside," for venue purposes, in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question. "[A]lthough the wording of section 1391(c) only appears to apply to corporations, courts have held and it is generally accepted that unincorporated business associations such as partnerships and limited

the Western District of Texas. *See* 28 U.S.C. § 124(d)(7).

IV

Before addressing the public and private interest factors, the court determines the weight to be accorded plaintiffs' choice of forum. "A plaintiff's choice is normally entitled to deference, but when [it] files suit outside [its] home forum, the weight accorded to the choice is diminished." *Sivertson*, 2011 WL 4100958, at *4 (citations omitted). Plaintiffs' choice of the Northern District of Texas is entitled to some weight. Although Mallory and Farrell both reside in Henderson County, which is in the Eastern District of Texas, the complaint alleges that the work they performed for Lease Supervisors occurred in Navarro County, which is in the Northern District of Texas. Moreover, plaintiffs seek to bring a FLSA collective action. As Judge Boyle explained in *Salinas v. O'Reilly Automotive, Inc.*, 358 F.Supp.2d 569, 571 (N.D. Tex. Feb. 16, 2005) (Boyle, J.):

> [i]n FLSA collecti[ve] actions, as opposed to Rule 23 class actions, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, giving his written, filed consent." *Alix v. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D. La. Feb. 18, 1997). [Thus] "the 'opt-in' structure of collective actions . . . strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of an FLSA action." *Id.* at *3.

---

liability companies are analogous to corporations for venue purposes." *Feline Instincts, LLC v. Feline Future Cat Food Co.*, 2010 WL 4942188, at *5 (N.D. Tex. Dec. 6, 2010) (Means, J.) (quoting *Advocate Fin., L.L.C. v. Parker Interests, L.L.C.*, 2008 WL 2773650, at *1 (M.D. La. July 16, 2008)). It is undisputed that Lease Supervisors is subject to personal jurisdiction in the Western District of Texas.

*Id.* at 571 (some citations omitted). Given the nature of FLSA collective actions, and the fact that plaintiffs performed their job duties in the Northern District of Texas, the court finds that plaintiffs' choice of forum is entitled to some weight.

V

The court now turns to the private interest factors.

A

The first private interest factor examines the relative ease of access to sources of proof. Lease Supervisors contends that its corporate records, documents, and physical evidence relating to plaintiffs' claims are located at its corporate offices in Odessa, Texas. Plaintiffs respond that defendant has failed to specify any particular pieces of evidence that could not be made available electronically, and they maintain that, with technological advances, the physical location of documents is less significant.

The court holds that this factor weighs slightly in favor of transfer. "Although the technological convenience of e-discovery may diminish concerns associated with the location of evidence, it does not negate the significance of or eliminate consideration of this factor in a section 1404(a) transfer analysis." *Smith's Consumer Prods., Inc. v. Fortune Prods., Inc.*, 2015 WL 1037419, at *2 (N.D. Tex. Mar. 9, 2015) (Kinkeade, J.) (citations omitted); *see also Davis v. City of Fort Worth*, 2014 WL 2915881, at *3 (N.D. Tex. June 25, 2014) (Fitzwater, C.J.) ("Regardless whether technological advances and email service would make litigating this case in the Dallas Division *possible*, there is still a *greater* ease of access to sources of proof in Fort Worth."). And in this case, plaintiffs point to no documentary or

other evidence located in the Northern District of Texas. *See Smith's Consumer Prods.*, 2015 WL 1037419, at *2 (holding that first factor weighed in favor of transfer where party opposing transfer did not "specif[y] where any of its documentary proof is located . . . [and] merely arg[ued] that this factor is not given much weight in the analysis."). Accordingly, the court concludes this factor weighs slightly in favor of transfer.

B

The second private interest factor examines the availability of compulsory process over witnesses. Lease Supervisors contends that Allison, its former manager, is no longer associated with Lease Supervisors, but resides in Odessa; that the Midland-Odessa Division is more appropriately situated to compel service of process over Allison, a non-party witness with potentially critical information to this case regarding the management of Lease Supervisors during the relevant time period; and that this court does not have absolute subpoena power over Allison or other non-party witnesses located in Odessa. Plaintiffs respond that this factor weighs against transfer because, *inter alia*, Lease Supervisors has failed to identify a single witness who is beyond the subpoena powers of this court.[4]

---

[4]In reply, Lease Supervisors maintains that, while a subpoena served to compel Allison's attendance for a deposition or trial in the Dallas Division of this court is "subject to a motion to quash," this court "can deny a motion to quash or find that compelling the witness to travel several hundred miles to attend a trial or deposition in Dallas would not cause the witness to incur substantial expense[.]" D. Reply 2. This argument is somewhat incorrect. Under Fed. R. Civ. P. 45(c)(1)(B), a subpoena can command a person who is a party or the party's officer to attend *a trial* "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." Rule 45(c)(1)'s state-wide scope does not apply to *depositions*.

Although it appears that the Western District of Texas would have a greater subpoena power over Allison than would this court, Lease Supervisors neither contends that a subpoena will be *necessary* to compel Allison's attendance nor identifies any other nonparty witness for whom compulsory process will be necessary. Accordingly, the court finds this factor to be neutral. *See Sivertson*, 2011 WL 4100958, at *5 (finding second factor was neutral because defendants failed to identify any witnesses for whom compulsory process would be needed).

C

The third private interest factor considers the cost of attendance for willing witnesses. This factor "primarily concerns the convenience of nonparty witnesses." *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc.*, 2011 WL 1103372, at *4 (N.D. Tex. Mar. 25, 2011) (Fitzwater, C.J.) (declining to consider parties' employees under third factor). A party seeking a transfer must "identify the 'key witnesses and the general content of their testimony.'" *Sargent v. Sun Tr. Bank, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (quoting *Bank One*, 211 F.Supp.2d at 812). "The party seeking the transfer must specify clearly . . . the key witnesses to be called and their location and must make a general statement of what their testimony will cover." *AllChem Performance Prods., Inc. v. Oreq Corp.*, 2013 WL 180460, at *4 (N.D. Tex. Jan. 17, 2013) (Fitzwater, C.J.) (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851, at 221-22 (3d ed. 2007)); *see Magana v. Toyota Motor Corp.*, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.) (finding that defendant failed to show good cause for

transfer based on this factor because it did not provide name, address, or proposed testimony of any witness who could more conveniently testify in the proposed transferee district). Although not determinative, this is the most significant factor in deciding a motion to transfer. *See Sw. Airlines Co. Profit Sharing 401(k) Comm. v. UBS Global Asset Mgmt. (Ams.), Inc.*, 2007 WL 268808, at *3 (N.D. Tex. Jan. 29, 2007) (Fitzwater, J.).

Lease Supervisors contends that this factor weighs in favor of transfer because "[e]ven if key non-party witnesses, such as Bobby Allison, may be willing to attend, a transfer of the case would avoid such key, non-party witnesses from having to travel several hundred miles to Dallas," D. Br. 6, and the transfer would also be easier on party witnesses residing in Odessa. Plaintiffs respond that Lease Supervisors does not provide any evidence regarding the cost of attendance for any willing witnesses, and that this factor therefore weighs against transfer.

The court holds that this factor weighs slightly in favor of transferring the case to the Western District of Texas. The court assigns little weight to the convenience to Lease Supervisors' employees because this factor "primarily concerns the convenience of nonparty witnesses." *USPG Portfolio Two*, 2011 WL 1103372, at *4. Lease Supervisors has identified one non-party witness—Allison—for whom a trial in the Western District of Texas would be more convenient, and has identified the general content of Allison's testimony. *See* Reply 3 ("As the former office manager and custodian of records for Defendant, Mr. Allison will have knowledge and familiarity with the same subjects or topics discussed in Defendant's corporate records, including information concerning Defendant's formation,

organization, activities, and information concerning Defendant's members, all of which are important to Plaintiffs' wage and hour claim."). But the convenience of this single witness alone is insufficient to support a finding that the factor does more than slightly favor a transfer.

D

The fourth private interest factor is a catch-all consideration that includes all other practical problems that make trial of a case easy, expeditious, and inexpensive. Under the fourth private interest factor, Lease Supervisors argues that, in the interest of judicial economy, the court should transfer this case to the Western District of Texas, where the court has familiarity with the parties and their ongoing disputes. Plaintiffs maintain that this factor weighs against transfer because defendants have failed to provide any evidence regarding practical problems that would affect the trial of the case; that the issues raised in the other two cases they filed against Lease Supervisors are unrelated to the claims brought under the FLSA in the present case; that Lease Supervisors fails to cite any other case in which the court considered unrelated litigation against the same employer as a factor in determining a request to transfer venue; and that defendant's "evidence" of other litigation against it should be disregarded.

The court concludes that the fourth factor is neutral. Although the Western District of Texas may have familiarity with the parties and their ERISA dispute, Lease Supervisors has not explained how this knowledge would make the trial of plaintiffs' *FLSA* case any easier, more expeditious, or less expensive in the Western District of Texas than in this court.

VI

The court now turns to the public interest factors.

A

The first public interest factor evaluates the comparative administrative difficulties due to court congestion in the potential venues. Neither Lease Supervisors nor plaintiffs address this factor. Accordingly, the court concludes that it is neutral.

B

The second public interest factor evaluates the local interest in the dispute. "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (Fitzwater, C.J.) (citing *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 792 (S.D. Tex. 2005)). Lease Supervisors contends that

> [t]his dispute concerns a business established by Plaintiffs, among others, that operated out of Odessa, Texas. The former manager of the company is an Odessa resident. The formation of the membership and operations occurred in the Midland/Odessa Division. The court in the Midland-Odessa Division has already decided one dispute and will soon hear the other dispute.

D. Br. 6. Plaintiffs respond that there is no proof that trying the case in the Northern District of Texas is a burden on the community or that the burden of trying the case in the Northern District is any more burdensome on the citizens of Dallas.

The court concludes that this factor is neutral. The work that plaintiffs performed, for which they seek to recover unpaid overtime pay, occurred in the Northern District of Texas,

but the defendant operated out of the Western District of Texas. *See, e.g., Salinas*, 358 F.Supp.2d at 573 (concluding, in FLSA action, that the "events at issue" took place at each store location where each plaintiff worked *and* at defendant's headquarters, where defendant's payroll and time-keeping policies were allegedly formulated). Lease Supervisors does not offer any reason why the residents of the Western District of Texas would have a greater interest in the parties' FLSA dispute than would the residents of the Northern District of Texas.

C

The third factor addresses the familiarity of the forum with the law that will govern the case. The fourth public interest factor considers the avoidance of unnecessary problems of conflict of laws or the application of foreign law. Lease Supervisors does not address the third or fourth factor; plaintiffs contend that neither the third nor the fourth factor supports transfer. The court holds that the third and fourth factors are neutral. This court is familiar with FLSA law because it routinely handles cases of this type. There are no apparent issues involving conflict of laws or the application of foreign law.

D

Considering all the relevant factors holistically, the court holds that Lease Supervisors has failed to meet its significant burden to shown that the Western District of Texas is clearly more convenient than the Northern District of Texas. Plaintiffs' choice of forum is entitled to some deference, defendants have only demonstrated that two factors slightly favor transfer, and the remaining factors are neutral.

* * *

For the foregoing reasons, the court denies defendant's motion to transfer venue.

**SO ORDERED**.

March 23, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE