IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DON MALLORY, et al. §
　§
　　　Plaintiffs, §
　§ Civil Action No. 3:17-CV-3063-D
VS. §
　§
LEASE SUPERVISORS, LLC, §
　§
　　　Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiffs Don Mallory ("Mallory") and Ty Farrell ("Farrell"), on their behalf and on behalf of those similarly situated, bring this putative collective action under 29 U.S.C. § 216(b), a provision of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime pay. They move for conditional certification and court-facilitated notice to potential class members. For the reasons that follow, the court denies the motion.

I

Mallory and Farrell bring this putative collective action against defendant Lease Supervisors, LLC ("Lease Supervisors") seeking unpaid overtime pay under 29 U.S.C. § 216(b). Mallory and Farrell formerly worked as "plant operators/managers" for Lease Supervisors. They contend that they and the other putative class members were paid a "guaranteed payment" for the work they performed for Lease Supervisors; that although they and the other class members regularly worked between 60 and 80 hours per week, they did

not receive overtime pay for hours worked in excess of 40 hours per week; that they and the other class members did not qualify for any applicable overtime exemptions under the FLSA; and, therefore, that they and the other class members are owed unpaid overtime wages under the FLSA.

Mallory and Farrell move the court to conditionally certify this collective action[1] and approve notice to a class defined as follows: "[a]ll LLC 'members' employed by Lease Supervisors as plant operators/managers in Texas from November 6, 2014 to the present." Ps. Br. 9. They ask the court to approve the proposed notice and consent forms and to allow them to send the notices by mail and electronic mail. To facilitate notice, they also request that the court order defendants to provide, in computer readable format, "the name of each current and former plant operators/managers and/or 'members' employed by Defendant since November 6, 2014," and "the last known address, date of birth, email address and cell phone number for each individual described above." *Id.* at 10. Lease Supervisors opposes the motion.

II

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly-situated persons, provided that any person who desires to become a part of the

---

[1]Although plaintiffs have styled their motion as a motion for *notice* to potential plaintiffs, they are actually requesting that the court conditionally certify the class so that putative class members will be given notice and the opportunity to "opt in" to the lawsuit. In its response, Lease Supervisors characterizes plaintiffs' motion as one for conditional class certification.

collective action files a written consent in court. *See* 29 U.S.C. § 216(b). When a plaintiff seeks to bring a collective action, a district court can in its discretion facilitate notice to potential plaintiffs of their right to opt in to the suit. *Behnken v. Luminant Mining Co.*, 997 F.Supp.2d 511, 515 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (applying *Hoffmann-La Roche* to FLSA context)). "Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to facilitate notice or certify a collective action, this court has adopted the prevailing two-stage test." *Id.* (citing *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.) (adopting prevailing standard)); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that collective actions are "typically" analyzed this way); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to adopt specific standard, but finding no abuse of discretion where district court applied prevailing standard), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621-22 (N.D. Tex. 2008) (Fitzwater, C.J.) (reaffirming decision in *Aguilar*).

Under this test, the court first determines whether plaintiffs have provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice. *Aguilar*, 2004 WL 2293842, at *1. If they have, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id.* Second, the court reexamines the class after

notice, time for opting in, and discovery have taken place, typically in response to defendant's motion. *Id.* If the court finds that the class is no longer made up of similarly-situated persons, it decertifies the class. *Id*. "To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Id.* (internal citation and quotation marks omitted).

The court is generally more "lenient" with regard to substantial similarity during the "notice" stage of the analysis, *id.* at *2, but "notice is by no means mandatory," *Harris v. Fee Transp. Servs., Inc.*, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006) (Solis, J.) (citing *Hall v. Burk*, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (Sanders, J.)). "[T]he relevant inquiry in each particular case is whether it would be appropriate to exercise [the court's] discretion" to facilitate notice. *Id.* A primary reason for exercising this discretion is to ensure that the joining of other parties occurs in an "orderly, sensible, . . . efficient and proper way." *Hoffmann-La Roche*, 493 U.S. at 170-71. The use of court-facilitated notice can ensure that information is timely, accurate, and informative, and it can also guard against abuse by misleading communications. *Id.* at 171-72. The parties and the court can benefit from settling disputes about the content of the notice before it is distributed, because it may avoid the need to cancel consents obtained in an improper manner. *Id.* at 172.

But before granting court-facilitated notice, the court should satisfy itself that there are other similarly-situated employees of Lease Supervisors who would desire to opt in to the lawsuit. *See Behnken*, 997 F.Supp.2d at 516 (citations omitted); *see also H & R Block,*

*Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("Courts . . . have considered factors such as . . . whether affidavits of potential plaintiffs were submitted . . . [and have required] a factual showing suggesting that [the potential plaintiffs] were similarly situated." (citations omitted)). This is because "courts . . . have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Valcho*, 574 F.Supp.2d at 622 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 894 (D. Md. 1995)). The court must ensure that "an employer [is] not . . . unduly burdened by a frivolous fishing expedition[.]" *Id.* (quoting *D'Anna*, 903 F.Supp. at 894).

For these reasons, the court has less cause for leniency during the "notice" phase of the analysis where a plaintiff has already conducted discovery on the certification issue. *See, e.g., Harris*, 2006 WL 1994586, at *3 ("[W]here the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent." (collecting cases)). One of the rationales for leniency "is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery." *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D. Ala. 2004) (citation omitted). Thus because the court does not intend that its powers be used for a "frivolous fishing expedition," *Valcho*, 574 F.Supp.2d at 622 (quoting *D'Anna*, 903 F.Supp. at 894), it will hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support his claim with evidence. *See Davis*, 303 F.Supp.2d at 1277 (stating that plaintiff must adduce evidence beyond her own testimony); *H & R*

*Block*, 186 F.R.D. at 400 (same).

III

Plaintiffs have had the benefit of several months of discovery. According to the Phase One Scheduling Order entered on March 13, 2018, the deadline for filing plaintiffs' motion for conditional class certification was April 6, 2018, at which point discovery on the class certification issue should have been substantially complete. The court can therefore reasonably expect plaintiffs to be able to produce evidentiary support beyond the bare allegations contained in the complaint and plaintiffs' personal declarations. *Valcho*, 574 F.Supp.2d at 622-23 (citing cases). This conclusion is reinforced by the fact that, as members of Lease Supervisors, plaintiffs appear to have rights, access, and control over the company's affairs, operations, and information.[2] As previously explained, the court is not inclined to use its powers to facilitate notice where a plaintiff, having had an opportunity to develop the factual basis for a collective action (i.e., to prove that there are similarly-situated employees who would desire to opt in to the litigation), fails to do so.[3] *See Davis*, 303 F.Supp.2d at 1276; *D'Anna*, 903 F.Supp. at 894.

---

[2]In its response, Lease Supervisors contends that, "[u]nlike a traditional employee, as members of Defendant, Plaintiffs have rights, access, and certain control over the Company's affairs, operations, and information." D. Br. 5 (citing Tex. Bus. Orgs. Code Ann. § 101.501 *et seq.* (West 2015)). Plaintiffs do not dispute this contention.

[3]In their reply, plaintiffs cite several cases in which courts have rejected the requirement that a plaintiff seeking conditional certification must produce evidence that there are other similarly-situated individuals who want to opt in. *See* Ps. Reply 4-7. This court, however, is not bound by any of the authorities plaintiffs cite. The court instead follows the approach is has previously taken in cases such as *Valcho*.

Plaintiffs have failed to submit the affidavit of any potential opt-in plaintiff in support of their motion. "Affidavits asserting that other potential plaintiffs wish to opt into the lawsuit are a nearly universal prerequisite to notice and conditional certification of an FLSA collective action." *Mason v. Amarillo Plastic Fabricators*, 2015 WL 4481233, at *5 (N.D. Tex. July 22, 2015) (Robinson, J.). Plaintiffs' inability to procure affidavits from potential opt-in plaintiffs strongly suggests that there is no class of similarly situated Lease Supervisors managers/operators who are willing to participate in this collective action.

Moreover, plaintiffs' own declarations do not identify any other potential plaintiffs who are similarly situated or who might be interested in opting into this lawsuit. Mallory and Farrell each state in their declarations:

> [t]o my knowledge, all "plant operators/managers" were paid guaranteed payments as members of the LLC. I am aware of this through conversations with other plant operators/managers who had trouble paying their income taxes because Lease Supervisors did not withhold income taxes from their guaranteed payments.

Mallory Decl. 2; Farrell Decl. 1-2. At most, plaintiffs' declarations establish that Lease Supervisors did not withhold income tax from other plant managers/operators. There is nothing in these declarations that would suggest that plaintiffs have personal knowledge of other Lease Supervisors operators/managers who were subjected to similar FLSA violations, or that other plant operators/managers would desire to opt in to an FLSA action against Lease Supervisors. *See Nguyen v. Versacom, LLC*, 2015 WL 1400564, at *8 (N.D. Tex. Mar. 27, 2015) (Fitzwater, J.) (stating that affidavits must be based on personal knowledge and that

a mere statement of belief as to the existence of similarly-situated employees is insufficient).

In their motion, plaintiffs contend that "courts making the notice inquiry have sought to determine if there are other individuals who desire to opt in and who are similarly situated to those bringing suit. . . . Since there are two named Plaintiffs, this factor is met." Ps. Br. 8. The court disagrees that the mere fact that there are two named plaintiffs in this suit constitutes sufficient evidence that there are enough similarly-situated individuals who desire to opt in to warrant conditional class certification. *Cf. Huaman v. Ojos Locos Sports Cantina LLC*, 2014 WL 4081554, at *6 (N.D. Tex. Aug. 19, 2014) (Boyle, J.) (conditionally certifying class even though plaintiffs did not produce evidence of other similarly-situated employees who would desire to opt in where there were *six* named plaintiffs).

Accordingly, because plaintiffs have failed to adduce *any* evidence that there are other similarly-situated employees of Lease Supervisors who would desire to opt in to the litigation, the court declines in its discretion to facilitate notice to the putative class members.

\* \* \*

Plaintiffs' March 29, 2018 motion for conditional certification and notice to potential plaintiffs is therefore denied.

**SO ORDERED**.

July 10, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE