IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DON MALLORY and TY FARRELL,          §
Individually and on Behalf of All          §
Others Similarly Situated,          §
          §
                    Plaintiffs,          §
          §  Civil Action No. 3:17-CV-3063-D
VS.          §
          §
LEASE SUPERVISORS, LLC,          §
          §
                    Defendant.          §

MEMORANDUM OPINION
AND ORDER

    In this collective action seeking unpaid overtime pay pursuant to the Fair Labor
Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, plaintiffs Don Mallory
("Mallory") and Ty Farrell ("Farrell"), individually, and on behalf of all others similarly
situated under 29 U.S.C. § 216(b), move for leave to file first and second amended
complaints to add two defendants after the deadline for moving for leave to amend. For the
reasons that follow, the court denies both motions.

I

    In November 2017 Mallory and Farrell brought this putative collective action against
defendant Lease Supervisors, LLC ("Lease Supervisors") seeking unpaid overtime pay under
29 U.S.C. § 216(b). Mallory and Farrell formerly worked as "plant operators/managers" for
Lease Supervisors. They contend that they and the other putative class members were paid
a "guaranteed payment" for the work they performed for Lease Supervisors; that although

they and the other class members regularly worked between 60 and 80 hours per week, they did not receive overtime pay for hours worked in excess of 40 hours per week; that they and the other class members did not qualify for any applicable overtime exemptions under the FLSA; and, therefore, that they and the other class members are owed unpaid overtime wages under the FLSA. Lease Supervisors answered plaintiffs' complaint on January 26, 2018, and, shortly thereafter, Mallory and Farrell moved to conditionally certify this suit as a collective action. On July 10, 2018 the court denied the motion for conditional certification.

On August 27, 2018 the court issued its Phase Two Scheduling Order that set February 19, 2019 as the deadline for a party to move for leave to amend the pleadings. On May 10, 2019 Mallory and Farrell filed the instant motion for leave to file first amended complaint in which they seek to add Ryan Hoerauf ("Hoerauf") as a defendant. Ten days later, on May 20, 2019, Mallory and Farrell filed the instant motion for leave to file second amended complaint in which they seek to add Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas ("O'Ryan") as a defendant. Lease Supervisors opposes both motions, contending that Mallory and Farrell have not shown good cause for the relief they seek. Both of plaintiffs' motions were filed after the February 19, 2019 deadline for a party to move for leave to amend the pleadings.

II

When, as here, a motion for leave to amend the pleadings is filed after the deadline for seeking leave to amend has expired, the court must first determine whether to modify the scheduling order under the good cause standard of Fed. R. Civ. P. 16(b)(4). *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline. *See S&W Enters.*, 315 F.3d at 535; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (citing 6A Charles Alan Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 535).

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing

the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see id.*; *Valcho*, 658 F.Supp.2d at 814.

III

The court considers first whether Mallory and Farrell have satisfied the Rule 16(b)(4) good cause standard for their first motion for leave to amend.

Mallory and Farrell have not addressed the Rule 16(b)(4) good cause standard in their first motion for leave to amend. They have not filed a reply to Lease Supervisors' opposition response and therefore have not replied to its assertions that they have not satisfied the Rule 16(b)(4) standard.[1] "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *1 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)). It has made exceptions to this practice in cases where the movants have not addressed the Rule 16(b)(4) good cause standard, but

---

[1]Mallory and Farrell briefly address Rule 16(b)(4) in their reply to Lease Supervisors' response to the second motion for leave to amend; however, their reply does not include any explanation regarding the first motion or proposed defendant Hoerauf.

the grounds on which they rely to establish good cause are relatively clear. *See*, *e.g.*, *Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.); *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). But even if the court were to make an exception in this case and not summarily deny plaintiffs' motion, it would conclude that they have failed to satisfy the Rule 16(b)(4) good cause standard. Mallory and Farrell provide no explanation for why they were unable to seek leave to amend before the deadline. Their motion alleges that Hoerauf is in the process of selling Lease Supervisors' assets and shutting down operations, in part to avoid liability in this case; however, this does not explain why they could not have sought to join Hoerauf as a defendant before the deadline. Furthermore, Mallory and Farrell do not refute Lease Supervisors' assertion that at the time plaintiffs filed their complaint, they were aware of the facts on which they now rely to support their motion to amend: Hoerauf's "'substantial control over the terms and conditions'" of plaintiffs' work. Ps. May 10, 2019 App. 4. Therefore, because Mallory and Farrell make no attempt to address the good cause standard or the pertinent four-factor test, and the grounds on which they rely to establish good cause are insufficient to enable the court to conduct the required analysis of the pertinent factors, the court denies the first motion for leave to amend.

IV

The court next addresses whether Mallory and Farrell have satisfied the Rule 16(b)(4) good cause standard with regard to their second motion for leave to amend.

A

As with their first motion for leave to amend, Mallory and Farrell fail in their second motion for leave to amend to address the pertinent four-part test. In Lease Supervisors' opposition response brief, it notes this inadequacy and presents extensive argument to support the premise that Mallory and Farrell cannot meet the four-part test for good cause under Rule 16(b)(4). Although Mallory and Farrell do not purport to address the four pertinent factors explicitly, they at least mention Rule 16(b) and the good cause standard in their reply to Lease Supervisors' response. Because the grounds on which Mallory and Farrell rely are clear enough to enable the court to apply the four-factor test, the court will consider on the present briefing whether plaintiffs have met the good cause standard of Rule 16(b)(4) to amend the scheduling order and enable them to file their second amended complaint.

B

1

The court first considers Mallory and Farrell's explanation for failing to timely file their second motion for leave to amend.

Mallory and Farrell maintain that recent deposition testimony establishes that O'Ryan is the joint employer of plaintiffs. They aver in their reply that, on May 16, 2019, Lease

Supervisors produced a Rule 30(b)(6) witness who provided testimony supporting this contention. Mallory and Farrell assert that the deposition transcript "substantiates good cause" to join O'Ryan Ps. Reply 4; however, they provide no further explanation for why they were unable to ascertain O'Ryan's joint employer status before the deadline, especially as members of Lease Supervisors. Mallory and Farrell do not dispute that, as members of Lease Supervisors, they have rights, access, and control over the company's affairs, operations, and information. They contend that they have consistently "attempted to gain discovery from Lease Supervisors," Ps. Reply 3, but they do not elaborate on this statement to prove diligence despite missing the deadline to move for leave to amend the pleadings. The court therefore concludes that plaintiffs' explanation for failing to timely move for leave to amend is not persuasive, and that the first factor weighs against modifying the scheduling order to enable plaintiffs to move for leave to amend.

2

The court next considers the importance of the requested relief. Because Mallory and Farrell have not briefed their motion under the Rule 16(b)(4) good cause standard, they make no attempt to show that the relief they seek is important. The court has previously found other proposed amendments to be important where they "potentially provide additional grounds for [a party] to recover," *Mid-Continent Casualty Co. v. Eland Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), or "directly affect[] [a party's] prospects of ultimate recovery," *The Richards Group, Inc. v. Brock*, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008) (Fitzwater, C.J.). Because assuming that the

- 7 -

amendment is important does not affect the court's assessment of the four factors holistically, the court will assume *arguendo* that the amendment is important.

### 3

The third factor considers potential prejudice in allowing the amendment. Lease Supervisors argues that it will be prejudiced if the court allows the amendment because this will require additional discovery, pleadings, and motion practice as well as an amended scheduling order as to virtually all deadlines. Lease Supervisors also posits that granting leave to amend would "equate to restarting the clock on the entire case," D. May 31, 2019 Br. 7-8, because it assumes the amendment would allow plaintiffs to move again for conditional class certification—a motion that the court previously denied. But plaintiffs' proposed second amended complaint is not a class action complaint, and plaintiffs state that they do not intend to file any other motions for conditional certification. This factor either favors granting leave to amend or is neutral.

### 4

The fourth factor considers the availability of a continuance to cure any prejudice. Much of the potential prejudice to Lease Supervisors would likely be remedied by appropriate modifications to the scheduling order. The trial is currently scheduled for the two-week docket beginning February 18, 2020, more than six months from now, leaving a buffer for additional discovery. Although it is uncertain whether the trial would also need to be continued, this factor favors granting leave to amend.

The court now considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *Serv. Temps*, 2009 WL 3294863, at *3. Assessing the four factors together, the court concludes that Mallory and Farrell have not demonstrated good cause to modify the scheduling order.

Although the court has assumed *arguendo* that the amendment is important, has found that the undue prejudice factor either favors granting leave to amend or is neutral, and has found that the availability of a continuance favors granting leave to amend, this does not effectively end the court's analysis. As this court has previously explained:

> [i]f the absence of undue prejudice or the availability of a continuance to cure such prejudice were alone determinative, the Rule 16(b)(4) standard would not be one of "good cause"; it would be an "absence of incurable prejudice" standard. A moving party who, for example, had shown a complete lack of diligence and who undoubtedly could reasonably have met the scheduling deadline would still be able to obtain an amended scheduling order merely by demonstrating that the opposing party would not be prejudiced. But the standard is "good cause," and the good cause standard focuses on the diligence of the party seeking to modify the scheduling order. Courts deny motions to amend the scheduling order when the moving party fails to demonstrate that, despite her diligence, she could not have reasonably met the scheduling deadline.

*Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *3 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.) (citation omitted); *see also Service Temps*, 2009 WL 3294863, at *3 (stating that the court must "remember at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order," and finding that the movant had failed to satisfy the

good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

Mallory and Farrell filed this lawsuit on November 6, 2017. They did not move for leave to amend the scheduling order for purposes of adding parties until 18 months later. Even if the court assumes that they did not possess all the evidence they needed to determine their employers before the May 16, 2019 Rule 30(b)(6) deposition, they have failed to show that, exercising reasonable diligence, they could not have reasonably determined who their employers were and sought leave to amend to add them as parties by the February 19, 2019 deadline.

\* \* \*

Accordingly, for the reasons explained, the court finds that Mallory and Farrell have failed to demonstrate good cause under Rule 16(b)(4) to amend the scheduling order, and their motions for leave to file first and second amended complaints are therefore denied.

**SO ORDERED**.

July 19, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE