IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON MALLORY and TY FARRELL, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>VS.<br><br>LEASE SUPERVISORS, LLC,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:17-CV-3063-D<br>§<br>§ *This is the unsealed version of an opinion filed*<br>§ on June 9, 2020.  It contains redactions requested by the<br>§ parties.<br>§ |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Don Mallory and Ty Farrell move to enforce the settlement agreement reached with defendant Lease Supervisors, LLC ("Lease Supervisors") on February 27, 2020. Lease Supervisors opposes the motion and separately moves to transfer this case to the United States District Court for the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1404(a).  For the reasons that follow, the court denies plaintiffs' motion without prejudice to their refiling their state-law contract claim in a court in Midland County, Texas or Ector County, Texas that has subject matter jurisdiction, and it denies Lease Supervisors' motion to transfer this case.

I

This is a collective action seeking unpaid overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.  On February 27, 2020 the parties entered into a confidential settlement agreement and release of all claims ("Settlement Agreement") that

provides, *inter alia*,

Settlement Agreement at 2.  The Settlement Agreement further provides:

> Plaintiffs agree that any dispute between or among the parties, including any dispute arising out of or related to this Settlement Agreement, must be brought in a court of proper jurisdiction located in Midland County, Texas, or Ector County, Texas. Plaintiffs agree to waive any right to a trial by jury related to any dispute arising out of or related to this Settlement Agreement.

*Id.* at 4-5 (capitalization omitted).  The Settlement Agreement also states that "Plaintiffs will file all the necessary documents to obtain an order from the Court dismissing the Litigation with prejudice."  *Id.* at 4 (underlining omitted).[1]

On April 2, 2020 plaintiffs filed the instant motion to enforce the Settlement Agreement, contending that Lease Supervisors has represented that it is planning to pay the agreed-upon settlement amount in monthly installments, rather than in a lump sum, and has already sent the first payment.  Plaintiffs maintain that, by adopting this incremental approach to payment, Lease Supervisors has defaulted on its payment obligation under the Settlement Agreement.  They request that the court enforce the Settlement Agreement as written, enter judgment against Lease Supervisors, and award them their reasonable

---

[1] Although the court entered an order administratively closing the case on February 5, 2020, plaintiffs have not requested, and the court has not entered, a final judgment or order of dismissal.  *See, e.g., United States v. Davenport*, 897 F.Supp.2d 496, 519-20 n.10 (N.D. Tex. 2012) (Lindsay, J.) ("The administrative closure of this case for statistical purposes is simply a docket-management device.  As such, it [is] not a final judgment and does not affect the parties' rights.").

- 2 -

attorney's fees incurred in prosecuting their motion.

Lease Supervisors opposes plaintiffs' motion and separately moves to transfer venue under 28 U.S.C. § 1404(a).[2] It contends that the Settlement Agreement contains a mandatory forum selection clause that requires that any dispute between or among the parties related to the Settlement Agreement be brought in a court of proper jurisdiction in Midland County, Texas or Ector County, Texas, and it requests that the court transfer the case to the United States District Court for the Western District of Texas, Midland-Odessa Division, or, in the alternative, dismiss all claims with prejudice pursuant to the Settlement Agreement's terms. Plaintiffs oppose Lease Supervisors' § 1404(a) motion.

II

The court begins with Lease Supervisors' motion to transfer venue under 28 U.S.C. § 1404(a).

A

28 U.S.C. § 1404(a) codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In cases where

---

[2]In its response to plaintiffs' motion, Lease Supervisors incorporates the arguments and authorities stated in its motion to transfer venue.

there is no forum-selection clause, district courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. They analyze § 1404(a) motions under the familiar private- and public-interest factors[3] and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (quoting § 1404(a)).

But in cases where there is a valid forum-selection clause "[t]he calculus changes," because the clause "represents the parties' agreement as to the most proper forum." *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). In that circumstance, district courts must "adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 64. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* Accordingly, in a case involving a forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 52.

---

[3]In *Atlantic Marine* the Court identifies non-exclusive private- and public-interest factors. *Atl. Marine*, 571 U.S. at 62 n.6.

B

The Settlement Agreement states, in unmistakable terms, that "any dispute between or among the parties, including any dispute arising out of or related to this Settlement Agreement, must be brought in a court of proper jurisdiction located in Midland County, Texas, or Ector County, Texas." Settlement Agreement at 4-5. Plaintiffs do not dispute that their motion to enforce the Settlement Agreement constitutes a "dispute arising out of or related to [the] Settlement Agreement," that is therefore governed by the forum selection clause therein. Nor do they argue that the Settlement Agreement's forum selection clause is unenforceable. In fact, plaintiffs' entire response to Lease Supervisors' § 1404(a) motion consists of the following paragraph:

> Plaintiffs would show the Court that under the applicable standards in the Fifth Circuit, Defendant's motion is not well taken. There are two provisions which govern venue in federal court: 28 U.S.C. § 1404 and 28 U.S.C. § 1406. Neither of these provisions are cited by Defendants and neither apply. The bottom line is that Defendants have unilaterally chosen to not pay the consideration cited in the settlement agreement and instead have chosen to try to pay the consideration in monthly installments of $1,000. The court should enforce the settlement agreement and disregard the spurious motion to transfer.

Ps. Resp. at 1. Aside from their incorrect assertion that Lease Supervisors has failed to cite the relevant statutory provision, *see* D. Br. at 2 ("Defendant requests the Court to transfer this case to the appropriate court under 28 U.S.C. § 1404(a)[.]"), plaintiffs have failed to present any argument for why the forum-selection clause in the Settlement Agreement should not be enforced as written.

- 5 -

III

Having concluded that the forum selection clause is enforceable with respect to plaintiffs' motion to enforce the Settlement Agreement, the court must address a jurisdictional issue. Lease Supervisors apparently seeks to transfer *all* of the claims in this case to the Western District of Texas pursuant to the forum selection clause in the Settlement Agreement. *See id.* at 3 ("the Court should transfer this *case* to the appropriate forum chosen by the parties." (emphasis added)). But Lease Supervisors has not established—or even argued—that the forum selection clause in the Settlement Agreement governs plaintiffs' underlying FLSA claim. Nor has it provided the court any other ground for transferring plaintiffs' FLSA claim to the Western District of Texas.[4]

This court has supplemental jurisdiction over plaintiffs' motion to enforce the Settlement Agreement under 28 U.S.C. § 1367, because their state-law contract claim is part of the same nucleus of facts as the FLSA claim on which jurisdiction in this case is predicated. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012) ("[Section] 1367 gives the court discretion to exercise jurisdiction over state-law claims when: (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts." (footnote omitted)). But if the court were to grant any part of Lease Supervisors' motion to transfer, it would not transfer the now-settled FLSA claim;

---

[4]In fact, the court already denied Lease Supervisors' motion to transfer plaintiffs' FLSA claim to the Western District of Texas in *Mallory v. Lease Supervisors, LLC*, 2018 WL 1457250, at *6 (N.D. Tex. Mar. 23, 2018) (Fitzwater, J.).

- 6 -

instead, it would transfer the state-law contract claim that is the subject of the pending motion to enforce the Settlement Agreement. The state-law contract claim and the motion under which that claim is brought appear, however, to involve non-diverse parties,[5] i.e., to present a claim over which the Western District of Texas would not have subject matter jurisdiction. That court, unlike this one, would not be exercising supplemental jurisdiction over a state-law contract claim tied to federal-question jurisdiction conferred by an FLSA claim.

Accordingly, because Lease Supervisors has not established that transfer under § 1404(a) is proper with respect to plaintiffs' FLSA claim, and because the Western District of Texas would not have subject matter jurisdiction over plaintiffs' motion to enforce the Settlement Agreement if the court were to transfer only their state-law contract claim, the court denies Lease Supervisors' motion to transfer under 28 U.S.C. § 1404(a).[6]

---

[5] The court assumes that plaintiffs are citizens of Texas, even though they allege their state of residency. *See, e.g., Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (holding that allegations of residency, rather than of citizenship, are inadequate to invoke the court's diversity jurisdiction). Likewise, even though plaintiffs have not pleaded the citizenship of each member of Lease Supervisors, *see, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."), because Lease Supervisors is a Texas LLC with its principal place of business in Texas, the court assumes that at least one member is a citizen of Texas and that, accordingly, Lease Supervisors is a citizen of Texas.

[6] The court also denies Lease Supervisors' alterative request that the court dismiss the case with prejudice pursuant to the Settlement Agreement's terms. The Settlement Agreement provides that "[p]laintiffs will file all the necessary documents to obtain an order from the Court dismissing the Litigation with prejudice." Settlement Agreement at 4

IV

The court also denies without prejudice plaintiffs' motion to enforce the Settlement Agreement. Lease Supervisors has conclusively established that this motion is governed by the forum selection clause in the Settlement Agreement and that this court is therefore not the proper forum in which to litigate it. Accordingly, the court denies plaintiffs' motion to enforce the Settlement Agreement without prejudice to their refiling their state-law contract claim in a court in Midland County, Texas or Ector County, Texas that has subject matter jurisdiction. *See, e.g., Peacock v. Ins. & Bonds Agency of Tex., PLLC*, 2012 WL 3702920, at *5 (N.D. Tex. Aug. 28, 2012) (Fitzwater, C.J.) (dismissing, without prejudice, state law claim governed by forum selection clause, and retaining jurisdiction over federal claim). By denying the motion without prejudice, Lease Supervisors can pursue the motion in compliance with the forum selection clause, in a court that has subject matter jurisdiction. And by declining to transfer to the Western District of Texas a state-law contract claim involving non-diverse parties (the court would only consider transferring the state-law contract claim, not the FLSA action), the court is not burdening the Western District of Texas with dismissing a case over which it would lack subject matter jurisdiction. *Id.*

---

(underlining omitted). Whether plaintiffs have failed to comply with this provision of the Settlement Agreement is an issue that should also be decided by a court with proper jurisdiction in Midland or Ector County, pursuant to the forum selection clause of the Settlement Agreement.

V

The court has filed this memorandum opinion and order under seal because it may disclose materials submitted under seal during the briefing process. Because this litigation is a matter of public record, the court concludes that the entire memorandum opinion and order should not remain sealed. Instead, only the parts that should be protected from public disclosure will remain sealed.

Accordingly, within 14 days of the date the memorandum opinion and order is filed, the parties must file a joint request identifying the parts that they request remain sealed. If they cannot agree on a particular joint request, they must state an individual request and explain why agreement could not be reached as to that request. The court grants the parties leave to file the joint request under seal.

\* \* \*

For the reasons explained, the court denies plaintiffs' motion to enforce the Settlement Agreement without prejudice to their refiling their state-law contract claim in a court in Midland County, Texas or Ector County, Texas that has subject matter jurisdiction, and it denies Lease Supervisors' motion to transfer.

**SO ORDERED**.

June 9, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE